**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

STONE WALL ACQUISITION LLC,

        Plaintiff,

vs.                                       Case No. 5:10-cv-616-Oc-32TEM

1ST CHOICE BREEDING, LLC, et al.,

        Defendants.

---

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

This case came before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 6). Various responses, supplements, and voluminous exhibits are of record. See Docs. 6, 7, 8, 46, 48, 49, 50, 55, 56, 57, 63, 72, 78, 83, 84, 85. On February 16, 2011, the Court conducted an evidentiary hearing, the record of which is incorporated by reference. See Docs. 62, 87. Counsel for all parties were present at the evidentiary hearing and the Court received evidence and heard testimony from Richard Haisfield. After the hearing, the parties filed supplemental briefs at the direction of the Court. See Docs. 89, 91, 95, 96, 99, 101. Having thoroughly reviewed the parties' papers, the Court finds Plaintiff has failed to carry its burden of demonstrating that a preliminary injunction should issue on this record.

**I.    BACKGROUND**

Plaintiff, Stone Wall Acquisition LLC, alleges that it is the holder of a $16.1 million judgment entered in July 2010 in the United States District Court for the

Eastern District of Pennsylvania against Overall Thoroughbreds, LLC ("Overall"), Stone*Wall Farm Stallions LLC, and Richard Haisfield and Audrey Haisfield (the "Haisfields").[1]  On November 24, 2010, Plaintiff filed this action asserting, among other things, claims for fraudulent transfers pursuant to the Florida Uniform Fraudulent Transfer Act ("FUFTA"), §726.101, et seq., Florida Statutes.  See Amended Complaint, Doc. 90.

Plaintiff alleges that the Haisfields have: engaged in countless fraudulent activities to transfer their assets to one or more entities for the purpose of hindering, delaying and defrauding creditors and evading payment of their debts; made transfers to insiders, entities the Haisfields controlled, or to entities controlled by insiders, for less than a reasonably equivalent value, both while they were solvent and insolvent; opened, closed or transferred assets to well over 125 separate corporate entities, limited partnerships, limited liability companies, and trusts during the past four years; engaged in numerous transactions with their children or entities controlled by their children, many of which involve transfers of assets in exchange for, or in purported

---

[1] This judgment arose from a $17 million loan dated June 23, 2006 from Harleysville National Bank to Overall for the purchase of a horse farm and five stallions in Kentucky. See Doc. 82-1. The judgment was entered in favor of Cincinnati Capital Corporation ("Cincinnati Capital") and Cincinnati Capital enrolled the judgment in Florida as the "judgment creditor." See Doc. 6-1.  Plaintiff alleges that on or about June 15, 2010, First Niagara Bank, successor by merger to Harleysville National Bank (which entered into the loan with Overall), sold the loan and related guaranties and security agreements to Cincinnati Capital, which now in turn has assigned all of its rights and interests to Stone Wall Acquisition LLC. See Doc. 90 at ¶81. However, there is no record evidence establishing that Plaintiff owns and holds the final judgment.

payment of, non-existent, undocumented, or otherwise suspect loans; and used corporate entities that they controlled as personal cash cows despite the fact that the assets were pledged as securities and guarantees on multi-million dollar loans. See Doc. 90 at ¶1- ¶5.

Pursuant to FUFTA, Plaintiff seeks to set aside numerous transfers by Defendants, or alternatively, to obtain a judgment for the value of the assets fraudulently transferred (or the amount necessary to satisfy Plaintiff's claim). In addition, Plaintiff seeks to obtain a preliminary injunction prohibiting the further disposition of assets by Defendants[2] and appointment of a receiver with limited powers and duties equivalent to a forensic examiner. The instant motion addresses only the requests for preliminary injunctive relief and appointment of a receiver.

## II.   DISCUSSION

A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs any damage the proposed injunction may cause the opposing party; and

---

[2] Plaintiff requests that the following individuals and entities be enjoined from making any transfers: Richard Haisfield, Audrey Haisfield; RH Management, Inc.; ALH Management, Inc.; Richard Haisfield Revocable Living Trust; Audrey Haisfield Revocable Living Trust; Haisfield Ventures, LP; Haisfield Management, LLC; Haisfield Holdings, LLC; Atoka Bloodstock, LLC; Never Tell Farm Kentucky II, LLC; Stone*Wall Farm Kentucky, LLC; Palm Beach Racing LLLP; and Palm Beach Racing II, LLC. As an alternative, Plaintiff requests that the following entities be ordered to escrow funds: Randy Haisfield; Marc Haisfield; Tracy Eggleston; 1st Choice Breedings, LLC; and Family Broodmares III, LLC.

(4) if issued, the injunction would not be adverse to the public interest. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).[3]  The issuance of a preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." Id. (quoting McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998)).

Here, the Court finds Plaintiff has failed on this record to carry its burden at this early stage of demonstrating that it is substantially likely to prevail on any of its FUFTA claims against the Defendants. Pursuant to §726.105(1)(a), a transfer by a debtor is fraudulent if the debtor made the transfer with "actual intent to hinder, delay, or defraud any creditor of the debtor."[4] Section 726.106 governs transfers that are

---

[3] Based on the Court's conclusion that Plaintiff has not met its burden of establishing entitlement to a preliminary injunction, the Court need not address Defendants' argument that a preliminary injunction is not available because Plaintiff is seeking only monetary damages.

[4] In determining actual intent, consideration may be given, among other factors, to whether: (a) the transfer or obligation was to an insider; (b) the debtor retained possession or control of the property transferred after the transfer; (c) the transfer or obligation was disclosed or concealed; (d) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (e) the transfer was of substantially all of the debtor's assets; (f) the debtor absconded; (g) the debtor removed or concealed assets; (h) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (i) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (j) the transfer occurred shortly before or shortly after a substantial debt was incurred; (k) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. Fla. Stat. §726.105(2)(a)-(k).

fraudulent without regard to intent.  Under subsection (1), a transfer is fraudulent if the debtor made a transfer without receiving a reasonably equivalent value in exchange, and the debtor either was insolvent at the time, or was made insolvent as a result of the transaction.  In addition, under subsection (2), a transfer is fraudulent if it was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

Although the evidence submitted in support of this motion raises questions about how and why certain transfers were made, Plaintiff has failed on this record to show that any of the transfers were actually or constructively fraudulent. Indeed, the evidence – regarding the numerous transfers to and from various individuals, corporate entities, limited partnerships, limited liability companies, and trusts – underscores the countless issues of fact that cannot be resolved at this stage of the litigation. See Temporary Services Insurance LTD. v. O'Donnell, No. 6:07-cv-1507-Orl-28GJK, 2008 WL 516717, *2 (M.D. Fla. Feb. 22, 2008)(movant cannot establish a substantial likelihood of success on the merits "due to the complex entanglement of the parties in this case.")

Because Plaintiff has failed to demonstrate a substantial likelihood of success as to any of its FUFTA claims against Defendants, the Court need not determine whether the other prongs of the injunction standard are met.  See Siegel, 234 F.3d at 1176.  However, the parties should not read this ruling as making any predictions as

to the ultimate outcome of the case.

Plaintiff also requests the appointment of a receiver with the limited powers and duties of a forensic examiner to examine Defendants' business affairs and allegedly fraudulent dealings.  FUFTA specifically authorizes the "[a]ppointment of a receiver to take charge of the asset transferred or of other property of the transferee" subject to applicable principles of equity and in accordance with applicable rules of civil procedure. §726.108(1)(c), Fla. Stat.; see also, Friedman v. Heart Institute of Port St. Lucie, Inc., 806 So.2d 625, 626-27 (Fla. App. Ct. 2002)(FUFTA "authorizes the court to grant a creditor broad relief against the transferee of a fraudulent transfer, including an injunction against further disposition of the asset or the appointment of a receiver to take charge of the asset.")  However, other than citing the Court's general equitable powers, Plaintiff has failed to cite any authority supporting the appointment of a receiver at this stage in the litigation, in the absence of the Court entering a preliminary injunction.[5]

While the Court understands the difficulty Plaintiff is encountering in attempting

---

[5] Plaintiff has identified only one case in which a forensic accounting was ordered pursuant to FUFTA – Int'l School Serv., Inc. v. AAUG Ins. Co. Ltd., No. 10-62115-CIV, 2010 WL 4810847, *7 (S.D. Fla. 2010). (Doc. 63 at 4).  However, in that case, the forensic accounting was ordered after the movant established it was entitled to a preliminary injunction and the forensic accounting was included as a component of the preliminary injunction.

6

to unravel the numerous transfers at issue, the Court is unpersuaded that a receiver should be appointed at this time.  Plaintiff will have every opportunity to investigate the transfers during the discovery period, which the Court has ordered be conducted on an expedited basis.  See Doc. 113 (establishing discovery deadline as August 1, 2011). The Court expects Defendants to be cooperative in discovery; if they are not, Plaintiff will have available all of the remedies provided by the Federal Rules of Civil Procedure.

Accordingly, it is hereby

**ORDERED**:

1.     Plaintiff's Motion for Preliminary Injunction (Doc. 6) is **DENIED**.

2.     Plaintiff's Motion For Leave To File A Reply In Further Support Of Its Motion For A Preliminary Injunction (Doc. 110) is **DENIED** as **MOOT**.  The Affidavit of Richard Haisfield attached as Exhibit A to Richard and Audrey Haisfield Defendants' Memorandum In Opposition To Plaintiff's Motion For Leave To File A Reply In Further Support Of Its Motion For Preliminary Injunction (Doc. 112) is **STRICKEN** as an unauthorized evidentiary submission.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of May, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

a.
copies:
counsel of record